UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LESTER F. KRUPP, JR., et al.,           )
                                        )
            Plaintiffs,                 )
                                        )
      v.                                )     No. 4:07-CV-913-TCM
                                        )
SUSAN SINGER, et al.,                   )
                                        )
            Defendants.                 )

### MEMORANDUM AND ORDER

This matter is before the Court upon the application of Lester F. Krupp, Jr. (registration no. 92353) for leave to commence this action without payment of the required filing fee. Plaintiff Tyler D. Johnson has not submitted a motion to proceed in forma pauperis, nor has he paid the filing fee. As more fully set forth below, the Court will strike plaintiff Johnson as a party-plaintiff in this action. In addition, the Court will grant plaintiff Krupp leave to proceed in forma pauperis, but, in the interest of judicial economy, will not require him to submit a certified inmate account statement, because this action will be dismissed as legally frivolous.

Plaintiff Lester F. Krupp, Jr. has filed a separate motion for class certification [Doc. #6]; however, plaintiff has not satisfied the prerequisites to maintaining a class action. *See* Fed. R. Civ. P. 23(a) and (b). As such, the Court determines that this action shall not be maintained as a class action.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

At the outset, the Court notes that Tyler D. Johnson has not signed the complaint,[1] as required under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 11. Because it appears that plaintiff Krupp has signed Tyler Johnson's name, without having

---

[1] The signature line on the complaint reads, "Tyler Johnson by Lester Krupp Jr."

sought or been granted next friend status, plaintiff Tyler D. Johnson will be stricken as a party-plaintiff in this action.

Plaintiff Lester F. Krupp, Jr. is an inmate at the St. Louis County Justice Center. He brings this 42 U.S.C. § 1983 action against Dr. Susan Singer, Nurse Unknown Jones, St. Louis Justice Center, the City of St. Louis, the Missouri Department of Corrections, Dr. Unknown Saddiqui, Eugene Stubblefield, Unknown Chrams, and Ball Tyler. Plaintiff alleges that "[m]edical attention [is] not being given to those who deserve it to include all medications. Inmates are being denied proper professional medial care [and] the result is that several inmates have died recently due to this neglect by medical staff." For relief, plaintiff seeks monetary damages and states that "no inmate should be denied their necessary medication [or] right to emergency care."

Having carefully reviewed plaintiff's allegations, the Court concludes that the complaint is legally frivolous and fails to state a claim or cause of action. Plaintiff has failed to allege that any of the named defendants were personally involved in or directly responsible for incidents that injured him. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In

addition, plaintiff lacks standing to bring this action on behalf of other inmates.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff Tyler D. Johnson is **STRICKEN** as a party-plaintiff in this action.

**IT IS FURTHER ORDERED** that plaintiff Lester F. Krupp, Jr.'s motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the motions for class certification [Docs. #6 and #7] and motion for appointment of counsel [Doc. #7] are **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 29th day of August, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE